IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


STANLEY ROBINSON,
    Petitioner,

vs.                                  Case No.:  3:06cv68/MCR/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  Respondent filed a motion to dismiss the petition as untimely, as well as portions of the state court record (Doc. 17, 19).  Petitioner filed a reply in opposition to the motion (Doc. 20).  At the direction of the undersigned, Respondent supplemented the record with additional documents; Respondent also filed an amended motion to dismiss (*see* Docs. 21, 25, 27).  Petitioner filed a reply to the amended motion (Doc. 28).

    This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.    BACKGROUND AND PROCEDURAL HISTORY

    Following a jury trial on November 16, 1999, Petitioner was found guilty in the Circuit Court in and for Okaloosa County, Florida, of one count of sale, manufacture, or delivery of cocaine, and one count of possession of cocaine (Doc. 19, Ex. B at 143).  He was adjudicated guilty and sentenced as a habitual felony offender to concurrent terms of thirty (30) years of incarceration (*id*.,

Ex. C at 84–89). Petitioner directly appealed the judgment of conviction and sentence to the Florida First District Court of Appeal (First DCA) (*id.*, Exs. D, E, F, G, H, I, J). On February 27, 2001, the First DCA affirmed the judgment per curiam without opinion, with the mandate issuing March 15, 2001 (*id.*, Exs. K, L). Robinson v. State, 782 So. 2d 388 (Fla. 1st Dist. Ct. App. Aug. 29, 2000) (Table). On August 14, 2001, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 19, Ex. M at 1–10). On December 17, 2001, the trial court denied the motion on the merits (*id.* at 170–71). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written decision on July 10, 2002, with the mandate issuing August 6, 2002 (*id.*, P, Q). Robinson v. State, 823 So. 2d 770 (Fla. 1st Dist. Ct. App. July 10, 2002) (Table).

On January 10, 2003, Petitioner filed a petition for writ of habeas corpus in the trial court alleging ineffective assistance of trial counsel (Doc. 27, Supplemental Ex. A). The trial court construed the petition as a motion for post-conviction relief under Rule 3.850 and 3.800(a) and denied it on July 18, 2005 (*id.*, Supplemental Ex. B). On July 19, 2005, obviously before Petitioner received a copy of the trial court's decision, Petitioner filed a petition for writ of mandamus with the First DCA seeking an order compelling the trial court to rule on his post-conviction application (*id.*, Supplemental Ex. C). The First DCA dismissed the mandamus petition on August 30, 2005, for Petitioner's failure to respond to an order directing him to serve a copy of the petition on the Attorney General (*id.*, Supplemental Exs. D, E). Petitioner did not appeal the trial court's denial of his post-conviction motion.

On September 14, 2005, Petitioner filed a Petition for Extraordinary Writ with the trial court and identified the jurisdictional basis for the petition as Rule 3.850 and 3.800 (Doc. 19, Ex. T). Two months later, Petitioner sought voluntary dismissal of the case (*id.*, Exs. U, V). On November 14, 2005, the trial court issued an order granting Petitioner's motion to dismiss and dismissing the case, stating that the time period for filing claims under Rule 3.850 had expired (*id.*, Ex.W). Petitioner did not appeal the decision.

On September 15, 2005, while Petitioner's Petition for Extraordinary Writ was pending in the trial court, Petitioner filed a federal habeas petition in the United States District Court for the Middle District of Florida, which was transferred to this district (*see* Doc. 28 at 1). Robinson v.

Case No.: 3:06cv68/MCR/EMT

Crosby, No. 3:05cv373/MCR/EMT (N.D. Fla. Apr. 5, 2006).  The undersigned issued a Report and Recommendation on December 30, 2005, recommending dismissal of the case for Petitioner's failure to comply with an order of the court (Petitioner failed to provide service copies of the petition).  *Id.*, Doc. 13.  On April 5, 2006, the district judge issued an order adopting the Report and Recommendation and dismissing the case without prejudice.  *Id.*, Doc. 18.

On February 12, 2006, before the district court dismissed Case No. 3:05cv373/MCR/EMT, Petitioner filed the instant habeas petition (Doc. 1 at 6).

II.    TIMELINESS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner does not assert that he was prevented from filing his federal habeas petition by State action in violation of the Constitution or laws of the United States, that he bases any of his claims on a right newly recognized by the Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence prior to when his conviction became final.  Thus, the statute of limitations must be measured from the remaining statutory trigger, the date on which his conviction became final.  *See* 28 U.S.C. § 2244(d).

Petitioner's conviction became final for purposes of § 2244 when the 90-day period to seek certiorari from the United States Supreme Court expired. *See* Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236–37 (11th Cir. 2004) (citing Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002)); Jackson v. Secretary for the Dep't of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002). Because Petitioner did not file a motion for rehearing, Petitioner's judgment of conviction became final for purposes of section 2244 on May 23, 2001, ninety (90) days after the appellate court issued its decision affirming his conviction. *See* Close v. United States, 336 F.3d 1283, 1284–85 (11th Cir. 2003) (90-day period runs from date of entry of judgment and not from date of issuance of mandate). Accordingly, the federal limitations period expired on May 23, 2002, one year later.

This court must next address whether the limitations period was tolled pursuant to statutory or equitable tolling principles. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the record shows that Petitioner filed his first post-conviction motion on August 14, 2001, after 82 days of the one-year limitations period had expired. That motion remained pending until August 6, 2002, the date of the First DCA's mandate affirming the trial court's decision. *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court).

Petitioner filed his next post-conviction application on January 10, 2003, after another 156 days of the limitations period had expired. That application remained pending until August 18, 2005, upon expiration of the 30-day period for Petitioner to appeal the trial court's decision. *See* Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1384 (11th Cir. 2006) ("[B]ecause an appeal is part of the state collateral review process, and a claim remains pending until the completion of the process, the district court erred by concluding that the time in which Cramer could have filed an appeal from the denial of his motion to correct sentence did not toll the statute of limitations.").

Respondent contends, and the undersigned agrees, that Petitioner's mandamus petition did not toll the limitations period as it did not seek "review" of the judgment pursuant to which

Petitioner is incarcerated.  In Florida, the scope and purpose of mandamus are consistent with its generally understood use.  Under Florida law:  "[m]andamus is a narrow, extraordinary writ used to coerce an official to perform a clear legal duty."  Sica v. Singletary, 714 So.2d 1111, 1112 (Fla. 2d Dist. Ct. App. 1998).  Its purpose is to "compel[ ] recalcitrant officials to perform clear legal duties."  City of Winter Garden v. Norflor Const. Corp., 396 So.2d 865, 867 (Fla. 5th Dist. Ct. App. 1981).  Petitioner's mandamus application sought to compel the trial court to perform its duty.  It did not challenge Petitioner's judgment of conviction, nor did it request any relief from Petitioner's criminal conviction or sentence.  Furthermore, in adjudicating the mandamus application, the circumstances surrounding Petitioner's criminal judgment were not relevant.  The propriety of Petitioner's criminal conviction had nothing to do with whether the trial court should have been directed to rule.  The mandamus application was not a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment."  Accordingly, it did not toll the limitations period.  *See* Moore v. Cain, 298 F.3d 361, 366–67 (5th Cir. 2002) (state prisoner's application to Louisiana Supreme Court for writ of mandamus, which requested that trial court be directed to rule on prisoner's state habeas petition, was not an "application for collateral review" with respect to prisoner's conviction, and therefore, mandamus application did not toll federal habeas statute of limitations); *see also* Crompton v. Crosby, No. 5:05cv010/SPM/MD, 2005 WL 3527298, at *9 (N.D. Fla. Dec. 21, 2005).

      Petitioner's next post-conviction application was his Petition for Extraordinary Writ, filed on September 14, 2005.  Petitioner stated the jurisdictional basis of the petition as Rule 3.850 and Rule 3.800, and the trial court construed it as a Rule 3.850 motion (*see* Doc. 19, Exs. T, W; *see also id.*, Exs. U, V).  Petitioner filed a motion to voluntarily dismiss the case, and the trial court granted the motion (*id.*, Ex. W).  In the written opinion dismissing the case, the trial court stated that the Rule 3.850 motion was untimely (*id.*).  In Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d. 669 (2005), the Supreme Court held that "time limits, no matter their form, are 'filing' conditions.  Because the state court rejected petitioner's [post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."  *Id.* at 417.  This court must give "due deference" to state procedural rules governing whether a post-conviction application is "properly filed, " with the caveat that the state rule must be "firmly established and

regularly followed." *See* <u>Wade v. Battle</u>, 379 F.3d 1254, 1259–60 (11th Cir. 2004). Under Florida law, a motion filed pursuant to Rule 3.850 may not be considered by the trial court if it is filed more than two years after the judgment and sentence become final. Fla. R. Crim. P. 3.850(b).

In the instant case, Petitioner's judgment of conviction and sentence became final on May 23, 2001, as discussed *supra*. Petitioner did not show that he qualified under any of the exceptions to the two-year deadline set forth in Rule 3.850; therefore, the trial court lacked jurisdiction to consider his motion, and Petitioner did not have the power or right to relax the jurisdictional rule so as to have his motion heard. Because the state court properly determined that Petitioner's Rule 3.850 motion was untimely, it was not "properly filed" within the meaning of § 2244(d)(2) and, therefore, did not toll the federal limitations period.

To the extent Petitioner contends that his first federal habeas petition tolled the limitations period, this argument is without merit as the statutory tolling provision explicitly states that the limitations period is tolled during the time in which a properly filed application for <u>State</u> post-conviction or other collateral review is pending. *See* 28 U.S.C. § 2244(d)(2). Additionally, it is clear that Petitioner did not file the instant petition in an effort to comply with the court's order in Case No. 3:05cv373/MCR/EMT directing him to provide service copies of his habeas petition because the instant petition is not a copy of the petition filed in that case, and he did not in any way indicate that he intended to file the instant petition in that case. Indeed, Petitioner did not put Case No. 3:05cv373/MCR/EMT on the instant petition, and he identified Case No. 3:05cv373/MCR/EMT on page 3 of the instant petition as a previously filed § 2254 petition which was dismissed (*see* Doc. 1). Therefore, it is clear that Petitioner did not intend to file the instant petition in Case No. 3:05cv373/MCR/EMT.

Because Petitioner's last two state court filings and his first federal filing did not qualify as tolling applications under § 2244(d)(2), 177 days elapsed from August 18, 2005, the date his last post-conviction application that qualified for statutory tolling was no longer pending, and February 12, 2006, the date he filed the instant petition. Adding this lapsed time with the time that elapsed between his tolling events shows that 415 days (82 days + 156 days + 177 days) of untolled time elapsed between the date Petitioner's conviction became final and the date he filed the instant federal petition. Thus, the instant petition is untimely.

Case No.: 3:06cv68/MCR/EMT

Finally, Petitioner does not allege grounds for equitable tolling of the limitations period or that he qualifies for any other exception to the time bar. Therefore, the undersigned concludes that the instant petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's amended motion to dismiss (Doc. 25) be **GRANTED**.

2. That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED with prejudice** as untimely.

At Pensacola this 9th day of February 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**